Mr. Justice ThacheR
delivered the opinion of the court.
Writ of error to Carroll county circuit court.
This was an action of assumpsit instituted by Moore against Turner, the maker, and Ayres, the indorser of a promissory note. The note was made payable to Marsh and Ayres, but was indorsed by Ayres only. The declaration is drawn in the usual form against such parties to a promissory note, alleging *316 •demand and notice, and also alleging the maker’s insolvency at the time of the indorsement and delivery to the plaintiff. At the return term of the writ, Ayres plead the general issue. At the following term, a judgment 'by default was given against Turner. A bill of discovery was at this term directed to Ayres, ■ to which a demurrer was filed, which, having been overruled, and Ayres declining to answer the bill, at the next succeeding term, the bill was .taken for confessed. At the term last mentioned, the trial also came on, which resulted in a verdict for the plaintiff, whereupon the defendant moved the court for a new trial, which was sustained, and a new trial granted. In this stage of the proceedings, the record shows a bill of exceptions to the judgment of the court below in sustaining the motion for a new trial, which bill of exceptions discloses that the motion for a new trial was based upon the facts that the court refused, pending the trial, upon request, to charge the jury that if the note sued upon was given to Marsh and Ayres, and Ayres alone had transferred his interest therein, the jury should find for the defendant, and that the court permitted the note and its indorsement, and the bill of discovery, to be read as evidence to the jury. At the next succeeding term, the new trial was had, and a verdict and judgment rendered for the defendant. In the course of this trial, a bill of exceptions was filed to the ruling of the court, which exhibits that the court charged the jury, at the desire of defendant’s counsel, that the interest in a promissory note made payable to a firm, does not pass to a third party, without a transfer of each member of the firm, or, in other words, that the indorsement of one member of a firm will not vest in the transferree such an interest as will enable the transferree to maintain an action. The bill of exceptions filed upon the court’s sustaining .the motion for a new trial, and the bill of exceptions filed during the course of the new trial embrace the bill of discovery to which a demurrer was originally addressed, and overruled by the court. The allegations of the bill of discovery are substantially these; that at the time the defendant indorsed and delivered the notes sued upon to the plaintiff, he promised the *317 plaintiff that if the maker did not pay it, he would, and further desired the plaintiff not to institute suit upon it until the defendant returned from Kentucky; that, at the time of the indorsement, the defendant promised unconditionally, that if the maker did not pay-the note-on presentation, or by the time he returned from Kentucky, that he would; that during the absence of defendant, the plaintiff presented the note to the maker for payment, which was refused; that on defendant’s return from Kentucky, plaintiff notified him of the maker’s refusal to pay the note, and that defendant desired him to take no further steps, saying, that he would see the maker, and if he would not pay it promptly, he himself would pay it. It also appears, that the indorsement of the note was not made until long after its maturity.
The bill of discovery shows an agreement and promise to pay the note, entered into subsequently to the indorsement, and subsequently to the refusal of the maker to pay the note. Evidence to this effect would, under any circumstances, render the proof of demand and notice unnecessary to the maintenance of the action against the indorser. It is also settled, that a promise of payment which will dispense with proof of notice of dishonor, may be given in evidence under the usual averment of notice. The court below, therefore, did not err in overruling the demurrer to the bill of discovery. In regard to the refusal of the court below in the first trial to give the charge there requested, it may be said, that as an abstract principle of law, such a proposition is undoubtedly correct. It could have availed the maker upon a demurrer to the declaration, and, possibly, had he plead to the action. It was not, however, necessary for the maintenance of the action in the form in which it was brought, so far as the indorser was concerned, to introduce other than the proof adduced on the trial. The point has also been raised in this case, whether it was error, in an action of this kind, to take judgment by default against one defendant, and by verdict against another, in the same action. This has been decided in the negative in Lynch et al. v. Commissioners of the Sinking Fund, 4 How. *318 377. The verdict upon the first trial having been according to law, should not have been disturbed.
The judgment of the court below is therefore reversed, and a judgment directed to be entered for the plaintiff in error, in accordance with the verdict in the first trial.